IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAMALLE DONNTAI GIBSON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-792-P |
| | § | (Consolidated with Nos. 4:21-CV- |
| **BOBBY LUMPKIN, Director, TDCJ-CID,** | § | 793-P through 4:21-CV-798-P) |
| | § | |
| Respondent, | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Jamalle Donntai Gibson, against Bobby Lumpkin, warden of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part for lack of subject matter jurisdiction and in part as barred by limitations.

**I.  BACKGROUND**

Petitioner stands convicted in Tarrant County, Texas, of possession with intent to deliver heroin in Case No. 1277347D; possession with intent to deliver cocaine in Case No. 1277348D; unlawful possession of a firearm in Case No. 1277349D; aggravated assault with a deadly weapon in Case No. 1369654D; aggravated assault in Case Nos. 0716982A and 0716362A; and possession of a firearm by a felon in Case No. 1041624D. On June 22, 2021, Petitioner filed in this Court seven habeas-corpus petitions, one for each conviction, which

were consolidated into the lead case.[1] He raises incoherent allegations regarding a mortgagor's statutory right of redemption after a judicial foreclosure and/or sale, bonds, the estate of Jamalle Donntai Gibson, and declares himself to be the "Agent" and "Debtor" or "Creditor" of and "Non-Resident Alien" over the "person" Jamalle Donntai Gibson, a "Secured Party" and a "Flesh and Blood Man"; alleges that he "is not under and or a part of any jurisdiction"; and refers to "F.R.C.P Rule 60. Relief from a judgment or order. 'Mistake' - ID as Surety." Respondent asserts that the petition should be dismissed in part for lack of subject matter jurisdiction and in part as barred by the federal statute of limitations. Resp't's Preliminary Answer 1, 5–11, ECF No. 12.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Respondent contends that the Court lacks subject matter jurisdiction to consider the petition as it relates to the state convictions in Case Nos. 0716982A, 0716362A, and 1041624D because Petitioner has fully discharged the sentences in those cases. *Id.* at 5–6. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3). Generally, for this Court to have subject matter jurisdiction under § 2254, the petitioner must be "in custody" pursuant to the

---

[1] A federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner indicates that he placed each of the petitions in the prison mailing system on June 22, 2021.

2

underlying conviction the subject of the proceeding. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490–91. Respondent provides proof that Petitioner's sentences in Case Nos. 0716982A, 0716362A, and 1041624D had fully discharged when the petitions were filed. Resp't's Preliminary Answer, Ex. A, ECF No. 12-1. Therefore, Petitioner was not "in custody" on those convictions and may not now challenge the convictions directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492–93. Accordingly, Petitioner's habeas petition must be dismissed for lack of subject matter jurisdiction as to these three convictions.

**B.  Statute of Limitations**

Respondent contends that the petition as it relates to the remaining four state convictions in Case Nos. 1277347D, 1277348D, 1277349D, and 1369654D is untimely under the federal statute of limitations. Resp't's Preliminary Answer 6–11, ECF No. 12.

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Under subsection (A), applicable in this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. Petitioner pleaded guilty pursuant to a plea agreement in each of the four cases on November 10, 2014, and was sentenced to 25 years' imprisonment.[2] Petitioner does not indicate that he appealed his convictions and the Texas courts' website does not indicate that a direct appeal was filed in any of the cases. *See* TEXAS JUDICIAL BRANCH, http://search.txcourts.gov/CaseSearch (last visited Sept. 30, 2021). Therefore, under

---

[2]SHR03 6, ECF No. 14-4; SHR04 6, ECF No. 14-6; SHR05 6, ECF No. 14-9; SHR06 6, ECF No. 14-12. "SHR03" through "SHR10" refer to the records of Petitioner's state habeas proceedings in WR-72,259-03 through -10, respectively, in this opinion.

subsection (A), the judgments of conviction became final and the one-year limitations period began to run upon expiration of the 30-day period Petitioner had for filing a timely notice of appeal in the cases on December 10, 2014, and closed one year later on December 10, 2015, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200–02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner filed two sets of state habeas-corpus applications challenging the convictions. The first set was filed on November 15, 2018, and the second set was filed on January 5, 2020.[3] The applications filed after limitations had already expired however did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's federal petition filed on June 22, 2021, is untimely unless he is entitled to equitable tolling.

Equitable tolling is permitted only if a petitioner shows that he has been pursuing his rights diligently but some extraordinary factor beyond his control prevented him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S.

---

[3]A state habeas application filed by an inmate is also deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Although Petitioner's state applications do not state the dates he placed the documents in the prison mailing system, the unsworn declaration in each document was signed by Petitioner on November 15, 2018, as to the first set, and on January 5, 2020, as to the second set; thus, the Court deems the applications filed on those dates. SHR03 34, ECF No. 14-3; SHR04 34, ECF No. 14-6; SHR05 34, ECF No. 14-9; SHR06 34, ECF No. 14-12; SHR07 28, ECF No. 14-14; SHR08 27, ECF No. 14-16; SHR09 27, ECF No. 14-18; SHR10 27, ECF No. 14-20.

631, 649 (2010). Petitioner presents no new evidence to meet the actual-innocence exception. Nor does he allege, much less demonstrate, any rare and exceptional circumstances that would justify tolling as a matter of equity.

Absent any applicable tolling, Petitioner's federal petition was due on or before December 10, 2015. His petition filed on June 22, 2021, is therefore untimely. Accordingly, Petitioner's habeas petition must be dismissed as time barred as to these four convictions.

### III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice for lack of subject matter jurisdiction as it relates to his state-court convictions in Case Nos. 0716982A, 0716362A, and 1041624D and as untimely as it relates to his state-court convictions in Case Nos. 1277347D, 1277348D, 1277349D, and 1369654D. In addition, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of September, 2021.

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE